## PAGE v. SKINNER.

#### (District Court, D. Colorado. August 6, 1923.)

Internal revenue ☞8—Estate Tax Act of 1916 applied to estate of one dying before the act of 1918 went into effect.

    The Revenue Act of 1916 (Comp. St. § 6336a et seq.), as amended by Act March 3, 1917, applied to the estate of one dying five months before the Revenue Act of 1918, approved February 24, 1919 (Comp. St. Ann. Supp. 1919, § 6336⅛a et seq.) took effect, though estate tax had not been paid before the act of 1918 went into effect, and though the widow complaining of the tax could not demand possession until probate of the decedent's will, in view of Rev. St. § 13 (Comp. St. § 14).

At Law. Action by Louise B. Page against Mark A. Skinner. On demurrers to causes of action. Demurrers sustained.

William B. Harrison, of Denver, Colo., for plaintiff.

John A. McCann, Asst. U. S. Dist. Atty., of Denver, Colo., for defendant.

SYMES, District Judge. William Bird Page died testate on November 4, 1918, leaving one-half of his property to his widow, the plaintiff. The defendant, as collector of internal revenue for Colorado, assessed and collected as an estate tax on the net value of the deceased's estate, $41,745.20, which was paid under protest. The plaintiff now seeks to recover in the first cause of action $19,398.08, alleged to be the excess collected over what the estate was actually liable for.

The second cause of action seeks to recover the entire amount paid as being wholly illegal and void. Defendant demurs to both causes of action.

At the time of the death of Page, the Revenue Act of 1916 (39 Stat. 756 [Comp. St. § 6336a et seq.]), as amended by Act March 3, 1917 (39 Stat. 1000), was in effect. Five months thereafter the Revenue Act of 1918 (40 Stat. 1057), approved February 24, 1919 (Comp. St. Ann. Supp. 1919, § 6336⅛a et seq.), took effect. The amount referred to was assessed and collected under the act of 1916, as amended, and if that act was applicable to this estate the demurrer must be sustained. Before the amount referred to had been actually paid to the government the Revenue Act of 1918 (40 Stat. 1057) had gone into effect, which, if applicable, would decrease the amount of the tax by $19,398.08.

The discussion of the points raised by the demurrer are mostly highly technical, and necessarily so, but after a careful consideration thereof, the questions resolve themselves into a few very simple propositions:

First, it is clear that the act of 1918 does not apply to the estates of persons dying prior to its going into effect, for the simple reason that it says so in so many words, and this is not seriously opposed by counsel for plaintiff. The 1916 act clearly "imposed" a tax which impressed itself on this particular estate before the latter act became a law, and this was not affected by the fact that the amount could not be determined or collected until a later date.

The death of Mr. Page was the only act or event necessary to affix a liability that could not be removed except by Congress. It also vested an interest in the estate in the plaintiff, in spite of the fact that she could not demand possession until the will was probated. It is therefore hard to see how section 1400b of the 1918 Act (Comp. St. Ann. Supp. 1919, § 6371¾a) applies, because in the absence of very explicit language, it can only refer to the act of which it is a part, and cannot make any exception to the general statement it contains that it only applies to estates of decedents dying after its passage.

Counsel for plaintiff calls our attention to part of section 1400b, as follows:

"Such parts of acts shall remain in force for the assessment and collection of all taxes which have accrued thereunder, and for the imposition and collection of all penalties or forfeitures which have accrued and may accrue in relation to any such taxes, and except that the unexpended balance of any appropriation heretofore made and now available for the administration of any such part of an act shall be available for the administration of this Act or the corresponding provision thereof. * * *

"In the case of any tax imposed by any part of an act herein repealed, if there is a tax imposed by this act in lieu thereof, the provision imposing such tax shall remain in force until the *corresponding* tax under this act takes effect under the provisions of this act."

This section in effect says that the former act shall remain in force until the new act takes effect. It seems to me to be a simple proposition that no "corresponding tax" under the later act can take effect on this estate, in view of the fact that it applies only to the estates of persons dying after its passage.

Counsel for plaintiff also suggests another construction of the two acts, which would result in a hiatus, the practical effect of which would be that this estate would wholly escape taxation. Such a proposition can only be sustained, where expressed by Congress in the most explicit terms. I find nothing to show that such was the intention of Congress, and in fact it is directly contrary to the legislative policy since this particular class of taxes was first created, and overlooks section 13 of the Revised Statutes (Comp. St. § 14). If the act of 1918 had never been passed, then the former act would have applied without question, and under section 13 it did apply, as the repealing part does not "expressly" otherwise provide. The plaintiff is in error in not distinguishing the mere administrative features of the act from the more important part that imposes the tax.

The demurrers to both causes of action will be sustained.